IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LLOYD BATTLES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. H-05-517 |
| § | Criminal Action No. H-02-373-3 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |
| § | |

ORDER

Pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence (Civil Document #1, Criminal Document #209 & #211) filed by Lloyd Battles and the Response and Motion to Dismiss (Criminal Document #215) filed by the United States of America. Having considered the motion, submissions, and applicable law, the Court determines Lloyd Battles's motion should be denied and the Government's motion should be granted.

BACKGROUND

On July 15, 2002, Lloyd Battles ("Battles") was indicted in the Houston Division of the Southern District of Texas on two counts. Count one charged Battles with conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846. The second count charged

Battles with aiding and abetting possession with intent to distribute 50 grams or more of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).

On September 24, 2002, following a six day trial, the jury found Battles guilty of both counts of the indictment. The Court sentenced Battles on December 6, 2002 to life imprisonment, followed by ten years supervised release. The Court also imposed a $200 special assessment. Battles appealed his conviction to the United States Court of Appeals for the Fifth Circuit. On December 2, 2003, the Fifth Circuit, in an unpublished per curiam opinion, affirmed the judgment and sentence of this Court.

On February 14, 2005, Battles filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Battles contends his conviction should be vacated due to the manner in which his sentence was calculated. The Government filed its response and moved to dismiss Battles's petition on April 13, 2005. The Government argues Battles's sentence was properly calculated and he should not be afforded any relief. Subsequently, on April 15, 2005, Battles filed a Traverse motion to his § 2255 petition raising *Booker*[1] issues. Battles argues *Booker* is an extension of prior Supreme Court holdings and he should be afforded retroactive protection under *Booker* allowing him to vacate his sentence.

---

[1] *See United States v. Booker*, 125 S. Ct. 738 (2005).

## STANDARD OF REVIEW

In order to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, a petitioner must show "cause" and "actual prejudice." *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the appeal was not made originally at trial or on direct appeal, and that there has been "actual prejudice" suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show that an external obstacle prevented him from raising his claims either at trial or on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show that he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id*. at 166. This higher standard is appropriate because once a petitioner's chance to appeal has been exhausted, courts are allowed to presume that the defendant was fairly convicted. *Id*. at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). When applying this standard, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal

that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## LAW & ANALYSIS

A.   *Booker Constitutes a New Rule of Procedure*

In his § 2255 motion, Battles argues there has been a string of developments recently in the Supreme Court's jurisprudence that entitle him to relief due to an alleged violation of his Sixth Amendment rights. The Sixth Amendment guarantees every American that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. CONST. amend. VI. Battles argues this Court violated his right to a trial by jury and this Court should overturn his conviction.

In early 2005, the Supreme Court held in *United States v. Booker* that the mandatory nature of the United States Sentencing Guidelines infringed upon an individual's constitutionally protected right to a trial by jury guaranteed under the Sixth Amendment. *Booker*, 125 S. Ct. at 756. In the same opinion, however, to remedy any Sixth Amendment concerns, the Court subsequently rendered the Sentencing Guidelines advisory and not mandatory when calculating the appropriate sentence for a convicted defendant. *Id*. at 757. Battles claims the holding in *Booker* is not a new rule, but rather an extension of prior Supreme Court holdings. *See, e.g., Apprendi v. New Jersey*, 530

4

U.S. 466, 490 (2000) (stating the Constitution requires any fact that increases a penalty beyond the statutory maximum, other than a prior conviction, must be proven beyond a reasonable doubt); *Blakely v. Washington*, 124 S. Ct. 2531, 2537 (2004) (holding Washington State Sentencing Guidelines allowing judicial fact finding violated the Sixth Amendment).

The Supreme Court has held that "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). To be considered a new rule, the rule in question, must be one that "breaks new ground." *Id.* A rule does not qualify as a new rule if, at the time of the petitioner's conviction, the unlawfulness of that conviction was clear to all reasonable jurists. *Beard v. Banks*, 124 S. Ct. 2504, 2511 (2004).

The rule announced in *Booker* breaks new ground. The rule was not dictated by the existing precedent at the time Battles's conviction became final on March 1, 2004, and the result reached by the Supreme Court was not clear to all reasonable jurists. Several circuit courts have found *Booker* to constitute a new rule. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam)*; Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Further guidance in determining *Booker'*s status as a new rule comes from the manner in which various United States Courts of Appeals interpreted *Booker*'s

precursor, *Blakely v. Washington*, which revealed that not all reasonable jurists saw *Booker* as the natural extension of the Court's *Blakely* decision. *United States v. Koch*, 383 F.3d 436, 438 (6th Cir. 2004) (en banc) (holding that *Blakely* did not apply to the United States Sentencing Guidelines), *vacated by* 125 S. Ct. 1944 (2005); *United States v. Mincey*, 380 F.3d 102, 106 (2d Cir. 2004) (same), *vacated by* 125 S. Ct. 1071 (2005); *United States v. Hammoud*, 378 F.3d 426, 426 (4th Cir. 2004) (en banc) (same), *vacated by* 125 S. Ct. 1051 (2005). The Fifth Circuit, prior to the issuance of *Booker*, had joined other circuits in holding that the Supreme Court's decision in *Blakely* did not extend to the federal Sentencing Guidelines. *United States v. Pineiro*, 377 F.3d 464, 473 (5th Cir. 2004) (agreeing with the Sixth, Second, and Fourth Circuits that *Blakely* did not apply to the United States Sentencing Guidelines), *vacated by* 125 S. Ct. 1003 (2005).

There are other indications that the outcome in *Booker* was not clear to all reasonable jurists. Four justices issued a dissent in *Booker* stating their view that *Booker* was not a natural extension of the Court's prior holdings. *Booker*, 125 S. Ct. at 807 (Breyer, J., dissenting) (stating that factual differences provide a basis for not extending *Blakely* and *Apprendi* to the federal Sentencing Guidelines). Although it is a possible indication of "new rule" status, the mere existence of a dissent is not enough to prove that a rule is new. *Beard*, 124 S. Ct. at 2513 n.5. However, the differing

6

interpretations of *Blakely* show the outcome in *Booker* was not clear to all reasonable jurists. Finally, prior to *Booker*, the Court did not consider the United States Sentencing Guidelines in *Blakely*, stating that "the Federal Guidelines are not before us, and we express no opinion on them." *Blakely*, 124 S. Ct. at 2538 n.9.

The foregoing supports the proposition that *Booker* is a new rule of criminal procedure grounded in the Sixth Amendment. Contrary to Battles's argument, *Booker* represents more than an extension of prior Supreme Court rulings. Therefore, for the reasons cited above, Battles's claim that *Booker* is merely an extension of *Apprendi* and *Blakely* is without merit.

B.   *Booker is not Retroactive*

Battles argues that *United States v. Booker,* which was decided on January 12, 2005, should be retroactive to his conviction, which became final on March 1, 2004. Generally, federal petitioners invoking a habeas corpus claim are not permitted to rely on new rules of procedure handed down after their convictions have become final on direct appeal. *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004). A departure from this general rule of non-retroactivity occurs when the new procedural rule falls into one of two exceptions set forth in *Teague*. *Teague*, 489 U.S. at 307. *Booker* is analyzed under the two-part *Teague* test because it is a new rule of criminal procedure rather than a change in substantive law. *Id*. at 310; *see also Bousley v. United States*, 523

U.S. 614, 620 (1998) (stating *Teague* applies to procedural rules).

*Teague's* first exception states the bar to retroactivity does not apply when a new rule places "certain kinds of primary, private individual conduct beyond the power of criminal law-making authority to proscribe." *Teague*, 489 U.S. at 307. This exception does not apply to Battles's case. The second *Teague* exception states the non-retroactivity rule is waived when the new rule is a "watershed" rule of criminal procedure. *Id*. However, the scope of this second exception is extremely limited as the Supreme Court has not yet found a new procedural rule that falls into this category. *Beard*, 124 S. Ct. at 2513-14.

While the Supreme Court did not directly address *Booker*'s retroactivity, the opinion specifically states that *Booker* should be applied "to all cases on direct review." *Booker*, 125 S. Ct. at 769.[2] In examining whether *Booker* should be applied retroactively, the Court's *Schriro* decision provides additional guidance. *Schriro*, 124 S. Ct. at 2524. In *Schriro,* the Court was asked to determine if a prior holding should be applied retroactively. *Id*. (questioning the retroactivity of *Ring v. Arizona*, 536 U.S. 584 (2002)). The Court in *Ring* held sections of Arizona's sentencing scheme allowing a judge to find aggravating factors to make the use of the death penalty an option

---

[2] *Booker* came to the Supreme Court on direct appeal so retroactivity was not an issue. *See United States v. Booker*, 125 S. Ct. at 746-47.

violated the Sixth Amendment. *Ring*, 536 U.S. at 609. In *Schriro*, the Court held *Ring* was not a "watershed" rule of criminal procedure, and it did not apply retroactively to cases that had already become final on direct review. *Schriro*, 124 S. Ct. at 2524-26 (concluding "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review.")

*Schriro*'s logic applies to *Booker*. Both *Ring* and *Booker* held that certain provisions of sentencing guidelines that allowed judges to impose punishment on the basis of facts not proven to a jury were unconstitutional. *Booker*, 125 S. Ct. at 769; *Ring*, 536 U.S. at 609. If the *Schriro* Court was unwilling to apply a less demanding reading of *Teague's* second exception to Arizona's death penalty statute than it had previously required, then it is unlikely that it would lower that standard when reviewing the retroactive status of the United States Sentencing Guidelines in *Booker*. *Compare Schriro*, 124 S. Ct. at 2526 *with Booker*, 125 S. Ct. at 769. Consequently, *Booker*, like *Ring*, is a new rule of criminal procedure that does not fall within any of the *Teague* exceptions and is non-retroactive to cases on collateral review.

The Fifth Circuit has not yet ruled whether *Booker* is retroactive on initial collateral review. However, it has ruled that *Booker* is not retroactive for second or subsequent petitions under § 2255. *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (per curiam). Other circuit courts addressing the retroactive application of *Booker* on

initial collateral review have reached the same conclusion; *Booker* does not apply retroactively. *See United States v. Bellamy*, No. 04-5145, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Varela*, 400 F.3d at 868; *Humphress*, 398 F.3d at 863; *McReynolds*, 397 F.3d at 481.

Because this Court finds the reasoning in *Schriro* to be persuasive, it concludes that *Booker* is not retroactive to cases on initial collateral review. *Booker* is not a "watershed" rule of criminal procedure and fails both of the *Teague* exceptions. Therefore, because Battles conviction became final before *Booker* was decided on January 12, 2005, he is not entitled to any relief under *Booker*, and his § 2255 claim fails

C.   *Booker Sentencing Claims*

Assuming that *Booker* is found to be retroactive, Battles's claim for relief under *Booker* also fails on the merits because his sentence was based on a mandatory statutory enhancement and prior convictions. Relief under *Booker* is only available if, under the United States Sentencing Guidelines, the judge issues the sentence using facts not proven to the jury or admitted in a guilty plea. *Booker*, 125 S. Ct. at 756 (reaffirming the holding in *Apprendi*). The Court specifically excluded prior convictions from *Booker's* ruling by stating,"[a]ny fact (other than a prior conviction)

which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*.

Under the applicable ruling in *Booker,* Battles is not entitled to relief because his sentence was based on a mandatory statutory enhancement, rather than the judge's discretion under the sentencing guidelines. Battles was originally charged with crimes involving 50 grams or more of cocaine base, which carried a statutory prison range from 10 years to life. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2000). Prior to trial, the Government filed an information and notice of prior conviction to enhance Battles's sentence. *See* 21 U.S.C. § 851(a)(1) (2000). Certified copies of three prior drug offense convictions were admitted into evidence, thereby raising Battles's sentence to mandatory life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Battles was sentenced under a statute that provides a defendant who commits another offense after two or more prior felony drug convictions "shall be sentenced to a mandatory term of life imprisonment without release." *Id*. Therefore, because Battles's sentence was the result of a mandatory statutory enhancement and not the judge's discretion under the United States Sentencing Guidelines, *Booker* is inapplicable.

Battles is also unable to obtain relief under *Booker* because his sentence enhancement was based on prior convictions. Prior convictions can be used to enhance

a sentence without proving their existence to a jury beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); *Booker*, 125 S. Ct. at 756. *Almendarez-Torres* has been questioned for being inconsistent with the *Apprendi* line of cases. *Apprendi*, 530 U.S. at 489; *see Shepard v. United States*, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring). However, *Almendarez-Torres* remains intact because the Supreme Court has not overruled it. *Apprendi*, 530 U.S. at 489-90. Consequently, the rule that prior convictions need not be proven beyond a reasonable doubt to the jury in order to enhance a defendant's sentence remains the law in the Fifth Circuit despite *Apprendi*'s criticism. *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005); *United States v. Mendez-Villa*, 346 F.3d 568, 570-71(5th Cir. 2003) (per curiam).

Based on the foregoing, even if *Booker* applied retroactively, Battles would be denied relief as he is unable to establish either "cause" or "actual prejudice." Therefore, his claim fails the applicable standard of review. Battles's sentence enhancement was based on a mandatory statutory enhancement and prior convictions, making him ineligible for § 2255 relief. Accordingly, the Court hereby

ORDERS that Lloyd Battles's Motion to Vacate, Set Aside, or Correct Sentence (Civil Document #1, Criminal Document #209 & #211) is DENIED. The Court further

ORDERS that the United States' Motion to Dismiss (Criminal Document #215)

is GRANTED.

SIGNED at Houston, Texas, on this 22nd day of July, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge