IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD BATTLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-13-1592 |
| | § | Criminal Action No. H-02-373 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Petitioner's Motion to Vacate and Correct Sentence in Compliance with 28 U.S.C. § 2255(f)(3) (Civil Document No. 1; Criminal Document No. 310) and the United States's Motion to Dismiss Movant's § 2255 Motion (Criminal Document No. 317). Having considered the motions, submissions, and applicable law, the Court determines that Petitioner's motion to vacate should be denied without prejudice and the United States's motion to dismiss should be granted.

## I. BACKGROUND

On July 15, 2002, a federal grand jury indicted Lloyd Battles ("Battles") and three co-defendants on one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 and one count of aiding and abetting

possession with intent to distribute 50 grams or more of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii).

On September 24, 2002, following a six-day trial, a jury found Battles guilty of both charges. On December 6, 2002, this Court sentenced Battles to life imprisonment followed by ten years of supervised release.[1] Battles appealed his conviction to the United States Court of Appeals for the Fifth Circuit. On December 2, 2003, the Fifth Circuit affirmed the judgment and sentence of this Court. *United States v. Howard*, 81 F. App'x 511, 513 (5th Cir. 2003) (per curiam). Since the Fifth Circuit's affirmation, Battles has filed three collateral attacks challenging his sentence.

On February 16, 2005, Battles moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Battles challenged the calculation of his sentence. This Court granted the Government's motion to dismiss Battles's petition.[2] Battles did not appeal this Court's decision. On February 23, 2007, Battles filed a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which this Court subsequently dismissed.[3] On March 12, 2008,

---

[1] The Court also imposed a $200 special assessment.

[2] *Order*, Criminal Document No. 223 at 12–13.

[3] *Order*, Criminal Document No. 248 at 7.

2

Battles filed a Motion for Retroactive Application of Sentencing Guidelines Pursuant to 18 U.S.C. § 3582. This Court again denied Battles's petition.[4]

Battles now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Battles seeks to have his sentence vacated, arguing that the Fair Sentencing Act of 2010 should be retroactively applied to his sentence based on United States Supreme Court precedent.[5] Additionally, Battles asks the Court for an evidentiary hearing. On June 13, 2013, the Government filed a response to Battles's petition and moved to dismiss his motion.

## II. STANDARD OF REVIEW

In order to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, a petitioner must show "cause" and "actual prejudice." *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the appeal was not made originally at trial or on direct appeal, and demonstrate "actual prejudice" suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show that an external obstacle prevented him or her from raising the claims either at

---

[4] *Order*, Criminal Document No. 257 at 1.

[5] The Fair Sentencing Act of 2010 changed the requisite level of cocaine for a violation of 21 U.S.C. §§ 841 (b)(1)(A)(iii) from 50 grams to 280 grams. Fair Sentencing Act of 2010, PL 111-220, August 3, 2010, 124 Stat 2372.

trial or on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," a petitioner must show he or she has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once a petitioner's chance to appeal has been exhausted, courts are allowed to presume that the defendant was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). When applying this standard, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

### III. LAW & ANALYSIS

The Government contends that Battles's motion is successive, which would deprive this Court of jurisdiction to consider the merits of the instant motion because Battles has not received permission from the Fifth Circuit to present a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(2)–(3), 2255(h) (requiring petitioners to receive an order from the court of appeals before a district court can consider a successive

4

§ 2255 motion). Battles does not address this issue in his petition, nor has he responded to the United States' motion, which the Court construes as a representation of no opposition. S. DIST. TEX. LOCAL RULE 7.4.

The Fifth Circuit's decision in *United States v. Key* interpreted the plain language of § 2255, which provides that a district court cannot entertain a second or successive motion until after a panel of the court of appeals authorizes the filing of such a motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing 28 U.S.C. §§ 2244, 2255). In that case, the district court denied a habeas corpus petition filed by Key. *Id.* at 773–74. Subsequently, Key moved for the district court to grant court-appointed counsel so that he could file a successive habeas corpus petition. *Id.* at 774. After the court denied Key's motion for court-appointed counsel, he appealed to the Fifth Circuit. *Id.* The Fifth Circuit held that the district court lacked jurisdiction over Key's motion, because Key had already filed one habeas petition. *Id.* (citing 28 U.S.C. § 2244(b)(3)(A)). The court elaborated on the purpose of the bar on successive petitions as "eliminat[ing] the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *Id.* Therefore, the district court should not have ruled on Key's motion for court-appointed counsel, which he sought in order to file a habeas corpus petition. *Id.*

In general, if a petitioner previously filed a § 2255 motion that was denied on the merits, a subsequent § 2255 petition is a "second or successive" motion. *See id.* If a petitioner's motion "relate[s] to the validity of the underlying criminal judgment" rather than his or her ability to obtain a fair opportunity for relief under § 2255, the motion is successive. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). Regarding the case at bar, the Court denied Battles's initial § 2255 motion on the merits,[6] and the instant § 2255 motion challenges the validity of the underlying criminal judgment. Thus, the Court concludes that Battles's motion is successive and that he must seek permission from the Fifth Circuit before this Court can consider his petition. *See Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) (holding that the district court lacked jurisdiction because defendant failed to obtain authorization from the circuit court); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) (treating a defendant's motion which essentially sought to set aside his conviction on constitutional grounds as a successive § 2255 motion). Because Battles does not present the necessary authorization from the Fifth Circuit for the filing of an additional successive motion, the Court lacks jurisdiction to consider the motion and therefore dismisses it without prejudice so that Battles may seek a certificate of appealability from the Fifth Circuit.

---

[6] *Order*, Criminal Document No. 223 at 4–13.

## IV. CONCLUSION

Based on all of the foregoing, the Court hereby

**ORDERS** that Petitioner's Motion to Vacate and Correct Sentence in Compliance with 28 U.S.C. § 2255(f)(3) (Civil Document No. 1; Criminal Document No. 310) is **DISMISSED** without prejudice. The Court further

**ORDERS** that the United States's Motion to Dismiss Movant's § 2255 Motion (Criminal Document No. 317) is **GRANTED**.

**SIGNED** at Houston, Texas, on this **23** day of July, 2013.

_____
DAVID HITTNER
United States District Judge